## CHRIST v. GARRETSON STATE BANK.

1. A finding of a trial court will not be disturbed for insufficiency of evidence unless there is a clear preponderance of evidence against it.

2. Where, in a case tried without a jury, the issue. was whether defendant had purchased a certain note believing he was dealing with plaintiff's authorized agent, testimony as to what the agent said at the time of negotiating the note. while not evidence of the agent's authority, was admissible to show the purchase and good faith of defendant.

3. On a trial to the court it will not be presumed the court considered evidence for any other than the purpose for which it was properly admitted.

(Opinion filed March 2, 1900.)

Appeal from circuit court, Minnehaha county.    Hon. JOSEPH W. JONES, Judge.

Action by Andrew Christ against the Garretson State Bank.    From a judgment in favor of defendant, plaintiff appeals.    Affirmed.

*Robertson & Dougherty*, for appellant.

*P. J Rogde*, for respondent.

HANEY, J.  The plaintiff, who owned a threshing machine, employed T. E. Hunt to sell it.    Hunt sold it for $200, receiving two notes of $100 each.    One of these he sold to defendant for $90, and deposited the other in plaintiff's name.    Upon demand, defendant surrendered the note on deposit, but refused to surrender the one it purchased, and this action was brought to recover its value    The court by whom the action, was tried, without a jury, found that Hunt was authorized to sell the note.    The finding cannot be disturbed.    It is only when this court is satisfied that there is a clear preponderance of the evidence against the findings of the trial court or referee that the decision will be reversed on the ground of insufficiency of evidence.    Randall v. Burk Tp., 4 S. D. 337, 57 N. W. 4. In this case, we think, the preponderance is in favor of the finding.

A witness for defendant was asked: "What did Mr. Hunt say about his commission in making the sale?" to which plaintiff objected. The objection was overruled, and the witness answered: "Why, he said he wanted to sell the note so as to get his commission out of it. and the expenses of the sale. He did not say how much his commission was." This evidence was properly received. Defendant could prove its purchase only by showing what was said and done when the note was transferred. Of course, the statement of Hunt, regarding his contract with plaintiff, was not evidence of his authority, but it was part of a conversation clearly admissible to prove that defendant purchased the note, and that defendant's officers believed they were dealing with plaintiff's authorized agent. Where evidence is admissible for any purpose, it cannot be rejected; and, where the trial is without a jury, it certainly will not be presumed that the court considered it for any other than the legal purpose. Hunt's deposition was taken in Iowa, after due notice. The attorney of plaintiff in this state attempted to employ an attorney in Iowa to appear and cross-examine. This he failed to do, and plaintiff contends the deposition should have been suppressed. The motion to suppress was based upon an affidavit of plaintiff's attorney, from which it appears that he received a letter from the Iowa lawyer, stating, in effect, that he failed to appear at the time and place specified in the notice because of an oral agreement to postpone the hearing, made with another Iowa lawyer, who claimed to represent the defendant. The learned circuit court rightly refused to suppress the deposition. The Iowa lawyer's letter was not evidence of the facts stated therein, and, if the existence of such facts be conceded, the deposition should not have

been suppressed, because that lawyer had no right to rely on an oral agreement with opposing counsel, and it appears that the person with whom it is alleged to have been made was without authority to act for the defendant.   The judgment below is affirmed.